IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-12-BO

| | |
|---|---|
| BEVERLY BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings.[1] [DE 12, 14]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion [DE 12] is DENIED and defendant's motion [DE 14] is GRANTED. The Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her application on June 10, 2014, alleging disability dating back to May 12, 2010. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on February 28, 2017. The ALJ issued a decision in April 2017, finding that plaintiff was

---

[1] Plaintiff denominated her motion as a motion for summary judgment rather than a motion for judgment on the pleadings.

not disabled. In November 2017, the Appeals Council denied review and made the ALJ's decision the final administrative decision of the Commissioner.

In January 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision that she was not entitled to disability benefits. [DE 1]. In May 2018, plaintiff moved for judgment on the pleadings. [DE 12]. Defendant moved for judgment on the pleadings in July 2018. [DE 14].

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ assessed plaintiff's residual functional capacity (RFC), determined that she could perform a range of unskilled light work with some limitations, and found that there were jobs existing in

significant numbers in the national economy that plaintiff could perform. In other words, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges that the ALJ erred (1) by finding that plaintiff had the residual functional capacity to perform light work and (2) by discounting plaintiff's testimony as to the severity of her own impairments. Plaintiff asks the Court to reverse and remand to the Commissioner with instructions to award benefits, or, alternatively, to remand for further proceedings.

Substantial evidence existed in the record to support the ALJ's RFC assessment. An RFC should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Light work involves lifting no more than twenty pounds at a time, frequently lifting and carrying ten pounds at a time, and may require a good deal of standing or walking. 20 C.F.R. § 404.1567. Chiefly, plaintiff contends that the ALJ failed to adequately address plaintiff's carpal tunnel syndrome and depression. But the record demonstrates that the ALJ did recognize both impairments as severe and provided sufficient reasons for the limitations he included in plaintiff's RFC. The ALJ relied upon various objective medical records, including x-rays and nerve conduction studies, along with a consultative examination with Dr. Alan Cohen, to conclude that plaintiff could carry and lift objects despite her carpal tunnel syndrome. In consideration of plaintiff's depression, the ALJ limited plaintiff to simple, routine tasks in a low-stress work environment. This finding, too, is supported by substantial evidence on the record. Plaintiff's remaining arguments as to why the RFC is unsupported by the record are similarly unavailing.

Additionally, the ALJ did not err in assessing the credibility of plaintiff's testimony. In considering a claimant's testimony, the ALJ must first look for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Then, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. *Id.* This requires the ALJ to evaluate the claimant's credibility. *Id.* An ALJ's decision will be reversed if it is not properly explained or the reasons for discounting a claimant's testimony fail to support the conclusion that the claimant is not disabled. *See Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). Here, the ALJ afforded limited weight to plaintiff's statements, finding that they were in conflict with the objective medical evidence on the record. Plaintiff argues that the statements were consistent with the evidence, but does not cite any specific evidence for support. Considering plaintiff's daily activities, the same x-rays and studies mentioned above, Dr. Cohen's examination, and the other medical opinions, there is substantial evidence to support the ALJ's decision to discount plaintiff's testimony.

Upon a full review of the record, the Court finds that the ALJ committed no reversible error. As such, the Commissioner's decision must be affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 12] is DENIED and defendant's motion [DE 14] is GRANTED. The Commissioner's decision is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this 31 day of January, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE